Catón, Justice, delivered the opinion of the court: The only question presented in the record is, whether under our law an indictment for a riot should contain an averment [*180] of an unlawful assemblage. At common law such an averment was necessary (Arch. Crim. Plead. 557) ; and hence it becomes necessary to inquire whether our statute has made any change in this offence. In order to make out a riot at common law, an unlawful assemblage must be shown, and if a number of persons lawfully assembled, suddenly and without premeditation, fell together by the ears, it was only an affray; but, if being thus assembled, they concoct a breach of the peace, and in pursuance thereof execute it, this is a sufficient assemblage to make it a riot. 1 Hawk. P. C. 514; 4 Chit. Blac. Com. 164, note (11) ; Roscoe’s Crim. Ev. 818; Russ, on Crimes 247; Arch. Crim. Plead. 257-8. In Regina v. Saley et al. 11 Mod. 116, Lord Holt says, “ The books are obscure in the definition of riots. I take it, it is not necessary to say they assembled for that purpose, but there must be an unlawful assembly.” At common law, an unlawful assemblage, á rout, and a riot all require the same assemblage, and the nature of the offence is solely determined by the progress made in the execution of the design. Russ, on Crimes 247 and 254. It will be seen by reference to the 115th and 116th sections of the criminal code that we have retained substantially the common law definition of unlawful assemblages and routs, but we have departed very widely from that law in our description of affrays i and riots. As before stated, at common law an affray (or, as it is frequently called, a sudden affray) is an unpremeditated breach of the peace by a lawful assemblage, as at a theatre, a wake, or a market; but by our law it is almost the very reverse. By the 114th section of the criminal code it is provided that if two Or more persons shall, by agreement, fight in a public place, they are guilty of an affray. Thus we see that, what at common law might be a riot of an aggravated character (as if three or more on a side fight by agreement), is by our law reduced to an affray, while that which at common law constituted an affray might go unpunished, unless it is embraced in our definition of a riot, or is of that character punishable as a simple assault and battery. Our law defines a riot to be where two or more persons actually do an unlawful act, with force or violence, against the person or property Of another, with or without a common cause of quarrel, or even do a lawful act, in a violent and tumultuous manner. It would, perhaps, have been impossible to have used more comprehensive language, with a design to include all of this class of offences not expressly included in the other four of which I have spoken. Nothing is said about the manner in which the offenders shall get together. It was deemed sufficient that two or more persons, being together, should do an unlawful act, with force or violence, against the person or property of another. Undoubtedly many of-[*181] fences of quite an inferior grade at the common law are elevated to the degree of a riot, and it must be sufficient for us that the legislature, in its wisdom, has seen fit that it should be.so; and a good reason may be found for transposing the grades of some of this class of offences -in the notions of our people and the organization of our society. This indictment shows that two or more persons actually did an unlawful act against the person of another, with violence, and is expressly within the act. The court below was correct in overruling the motion in arrest of judgment, and its decision is affirmed. Judgment affirmed.